IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PATRIC JAMES ELLIS,<br><br>       Petitioner,<br>  v.<br><br>BRIGITTE AMSBERRY,<br><br>       Respondent. | Case No.: 2:19-cv-01617-YY<br><br><br>ORDER |

**Adrienne Nelson, District Judge:**

United States Magistrate Judge Youlee Yim You issued a findings and recommendation ("F&R") in this case on February 9, 2026. Judge You recommended that this Court deny petitioner Patric James Ellis's amended petition for writ of habeas corpus, enter a judgment of dismissal, and deny a certificate of appealability. Petitioner timely filed objections, to which respondent timely responded. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b). For the reasons stated below, the Court ADOPTS the F&R in full. Accordingly, petitioner's amended petition for writ of habeas corpus is DENIED, and this case is DISMISSED. No certificate of appealability will be issued.

Magistrate judges may conduct evidentiary hearings and make findings and recommendations regarding applications for post-trial relief, 28 U.S.C. § 636(b)(1)(B), including habeas petitions, *see, e.g.*, *Hunt v. Pliler*, 384 F.3d 1118, 1123 (9th Cir. 2004). A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a magistrate judge issues findings and recommendations for the disposition of a habeas petition and a party files objections, the district judge "shall make a de novo determination of those portions of the report." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any portion of the magistrate judge's disposition that has been properly objected to.").

1

Petitioner, an adult in the custody of the Oregon Department of Corrections, has filed a habeas petition challenging a 2012 state court conviction on a variety of bases. 1st Am. Habeas Pet., ECF 39. Petitioner subsequently filed a brief in support of the amended petition, ECF 71, and respondent filed both a response, ECF 72, and an answer, ECF 73. On February 9, 2026, Judge You issued the now-pending F&R, recommending that this Court deny the amended petition, enter a judgment of dismissal, and deny a certificate of appealability. F&R, ECF 76, at 21. Petitioner timely filed objections, ECF 81 ("Pet'r Objs."), to which respondent timely responded, ECF 85.

Petitioner's objections largely track those arguments set forth in the briefing of the petition. First, petitioner objects that the trial evidence was insufficient to support petitioner's conviction under Counts Two, Three, Four, Six, Seven, and Eight. Pet'r Objs. 6. Petitioner asserts that his argument on this point "is simple, straightforward, and unrebutted by the F&R," and argues that "the F&R does not grapple with the lack of evidence to distinguish the counts." *Id.* at 13. Second, petitioner objects that he received ineffective assistance of counsel at trial in violation of the Sixth and Fourteenth Amendments because trial counsel failed to move to exclude certain irrelevant and highly prejudicial statements made during petitioner's interrogation by police. *Id.* at 13-14. On this issue, petitioner asserts that the F&R's "conclusion that failing to move to exclude [such] statements may have been a strategic decision ignores . . . that defense counsel could have moved to exclude *just* the irrelevant, highly prejudicial [statements] . . . while . . . not objecting to the remainder of the" interrogation. *Id.* at 14 (emphasis in original). Petitioner also asserts that the F&R erred in finding that trial counsel's failure to move to exclude the statements at issue did not prejudice petitioner's defense. *Id.* at 16.

//

//

//

//

//

//

2

Upon de novo review, this Court agrees with the F&R's findings and recommendation, and thus ADOPTS the F&R, ECF 76, in full.  Accordingly, petitioner's amended petition for writ of habeas corpus, ECF 39, is DENIED, and this case is dismissed.  Because petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), no certificate of appealability will be issued. Judgment shall follow.

IT IS SO ORDERED.

DATED this 24th day of July, 2026.

_____
Adrienne Nelson
United States District Judge

3